UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ELLEN HOLMSTRAND,<br><br>                           Plaintiff,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT, et als.,<br><br>                          Defendants. | Case No.: 19-cv-607-GPC(NLS)<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, [Dkt. No. 2] AND**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

      On April 2, 2019, Plaintiff Sue Ellen Holmstrand ("Plaintiff"), proceeding *pro se*, filed a complaint against the San Diego Superior Court, County of San Diego, California Judicial Council, California Administrative Office of the Courts and the San Diego County Bar Association. (Dkt. No. 1, Compl.) She also filed a motion to proceed in forma pauperis. (Dkt. No. 2.) Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis ("IFP") and *sua sponte* DISMISSES the action for lack of subject matter jurisdiction and failure to state a claim pursuant to 28

U.S.C. § 1915e(2).

**A.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating her inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted a declaration reporting that she is 70 years old, retired and receives $799.00/month from Social Security and $130.72/month in SSI. (Dkt. No. 2 at 1.) She has $165 in her savings or checking account and owns a 2007 Toyota Matrix with a value of around $1,500. (Id. at 2.) She claims her expenses are around $593/month. (Id.) Based on these facts, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

**B.      Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). Lopez, 203 F.3d at 1127.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1988).

Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." Bautista v. Pan Am. World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987).

Here, Plaintiff complains about the state court's placement of her name on the Vexatious Litigant list and seeks immediate removal of her name from that list so she can file a complaint against Hazar, Inc., not a defendant in the case. She claims she made multiple unsuccessful requests to have her name removed and as a result, she has been harmed by her inability to seek relief in the courts. On the caption of her complaint, she seeks damages and injunctive relief. She also summarily claims "[t]his is clearly a violation on Civil Rights." (Dkt. No. 1 at 2.) However, Plaintiff does not assert a basis for the Court's subject matter jurisdiction; no federal question is alleged and no diversity of citizenship exists. Accordingly, the Court DISMISSES the complaint for lack of

subject matter jurisdiction.

Moreover, under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Plaintiff has not asserted any causes of action and has not provided sufficient facts to support a claim as to each Defendant named in the complaint. Accordingly, the Complaint fails to state a claim under Rule 8 and is subject to dismissal.

Finally, Plaintiff alleges claims against the Superior Court of California and California Judicial Council.[1] Under the Eleventh Amendment, agencies of the state are immune in federal court." Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1988) ("Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."); Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir. 2005) (state agencies are protected by Eleventh Amendment immunity). The Judicial Council is "an agency in the judicial branch of state government." Sara M. v. Superior Ct., 36 Cal. 4th 998, 1013 (2005). Moreover, the Superior Court of California is immune from suit under § 1983. Serrano v. People of State of Cal., 361 F.2d 474, 474 (9th Cir. 1966). Thus, Defendants Superior Court of California and California Judicial Council are immune from suit and

---

[1] Plaintiff also named California Administrative Office of the Courts as a defendant but it does not appear that California Administrative Office of the Courts is a state entity.

must be dismissed. See also 28 U.S.C. § 1915(e)(2)(B)(iii) (court must dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief.").

**Conclusion**

In sum, the Court GRANTS Plaintiff's motion to proceed in forma pauperis and *sua sponte* DISMISSES the complaint for lack of subject matter jurisdiction and failure to state a claim.

**IT IS SO ORDERED.**

Dated: April 23, 2019

Hon. Gonzalo P. Curiel
United States District Judge